**Hua–Fang YANG, Petitioner,**

**v.**

**John ASHCROFT, Attorney General of the United States, Respondent.**

**Docket No. 03–40683.**

United States Court of Appeals, Second Circuit.

July 7, 2005.

H. Raymond Fasano (Donald F. Madeo, on the brief), Madeo & Fasano, New York, NY, for Petitioner.

Joseph S. Reid, Assistant United States Attorney (Joseph S. Van Bokkelen, United States Attorney for the Northern District of Indiana, on the brief), Hammond, IN, for Respondent.

PRESENT: WINTER, POOLER, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Petitioner seeks review of the BIA's order dated September 16, 2003, rejecting his claims for asylum, withholding of removal, and relief under the Convention Against Torture. We assume the parties' familiarity with the facts and procedural history.

Because the BIA summarily affirmed the IJ as allowed by 8 C.F.R. § 1003.1(e)(4)(i), we review the IJ's decision directly. *See Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). Our review is for substantial evidence, and we may reverse "only if no reasonable factfinder" would have reached the same result. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 177 (2d Cir.2004). To establish eligibility for asylum, Yang was required to demonstrate either a well-founded fear of future persecution in China or past persecution giving rise to a rebuttable presumption of such a well-founded fear. *See Qiu v. Ashcroft*, 329 F.3d 140, 148 (2d Cir.2003). Lack of eligibility for asylum would automatically mean that Yang was not entitled to withholding. *See id.* To establish eligibility for relief under the Convention Against Torture, Yang was required to demonstrate that it is more likely than not that he will be tortured on his return to China. *See* 8 C.F.R. § 208.16(c).

While Yang alleges that police sought to arrest him, he concedes that he was not arrested. He has therefore not established past persecution. The IJ's finding that Yang's story was implausible and could not be credited was supported by substantial evidence in the record. In addition to the inherent implausibility of Yang's claim that his teacher allowed him to give a ten minute speech to his classmates denouncing Chinese birth control policy as murderous and graphically describing abortion procedures, the story was also implausible in light of Yang's obvious lack of knowledge about the procedures that he claims to have described at length and in detail.

The IJ's finding that, even if Yang's story could be credited in its entirety, he failed to discharge his burden of proof to establish a well-founded fear of future persecution, was also supported by substantial evidence. Other than asserting that police looked for him once at his home before he left China, Yang presented no evidence that Chinese officials have a continuing inclination to persecute him for his single ten minute statement opposing forced abortions. *See Carcamo–Flores v. INS*, 805 F.2d 60, 64 (2d Cir.1986). Yang admitted that his parents reside in China unmolested. Other than speculation that the police would still be interested in him, Yang presented no evidence that he personally or people similarly situated to himself are of any interest to the Chinese government. Yang also failed to present any evidence that people similarly situated to himself are likely to be tortured in China.

For the foregoing reasons, the petition for review is DENIED.